# **HANG & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

August 28, 2019

Ken H. Maeng, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: kmaeng@hanglaw.com

**VIA ECF:**
Hon. Magistrate Judge Sanket J. Bulsara
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: CUI v. O2 Korean BBQ et al**
**Case No. 1:19-cv-02794-DLI-SJB**

Dear Judge Bulsara:

This firm is counsel to the Plaintiff Jun Cui ("Plaintiff") in the above-referenced action. I respectfully submit this letter motion on behalf of all Parties for approval of the Parties' negotiated Settlement Agreement and Release (the "Settlement Agreement") herein attached as **Exhibit A.** For the reasons set forth below, the Parties respectfully request that the Settlement Agreement be approved pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and be found to be fair and reasonable in accordance with the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

## I. Plaintiff's Allegations and Defendants' Responses

This action was originally brought by Plaintiff on May 13, 2019 for alleged failure to pay minimum wages, overtime wages, spread of hours, failure to give a wage notice at time of hire, and failure to provide paystubs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff is a former employee of Defendants O2 Korean BBQ and Sung Ho Cho[1] ("Defendants"). Plaintiff was employed by Defendants as a waiter from April 2018 to November 28, 2018. He worked seventy-two (72) hours per week, six (6) days per week. Initially Plaintiff was paid a flat rate of $40.00 per day in cash and check. Thereafter, he was paid a flat rate of $50.00 per day in cash and check.

---

[1] Plaintiff incorrectly identified Defendant Sung Ho Cho as "Sung Ho Choi" in the Complaint.

1

Defendants deny the allegations asserted by Plaintiff, and specifically deny any potential liability.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.     Settlement Amount

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of $90,730.00 exclusive of attorney's fees. The demand was wholly based on Plaintiff's calculation of the maximum possible recovery if he was able to establish each and every claim (an amount which was disputed by Defendants).

The gross settlement amount is $37,500.00, inclusive of Plaintiff's counsel's fees and costs of $12,845.33 and settlement payments to Plaintiff of $24,654.67. The attorney's fees and costs are allocated as follows: $12,327.33 for fees and $518.00 for costs.  Plaintiff's counsel's attorney bill and invoices are herein attached as **Exhibit B**.  This gross settlement amount reflects a reasonable compromise, between the parties' dispute over Defendants' alleged failure to pay minimum wage, overtime wages, spread of hours, failure to give a wage notice at time of hire, and failure to provide paystubs.

## III. The Settlement Agreement is Fair and Reasonable

Plaintiff seeks final approval of the Settlement Agreement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Parties are in agreement that this settlement is fair, reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

As articulated in *Wolinksy*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the Parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

### A. The Range of Possible Recovery

Based on damage calculations prepared by Plaintiff's counsel relying on Plaintiff's allegations, Plaintiff contends that he is owed $40,365.00 in back wages exclusive of statutory penalties, liquidated damages and attorney's fees. These calculations, however, do not factor Defendants' defenses asserted in the litigation and the inherent risks and uncertainties of proceeding with a trial. Notwithstanding, after extensive settlement discussions, the Parties were able to reach an agreement for $37,500.00, inclusive of attorneys' fees and costs.

### B. The Seriousness of the Litigation Risks Faced by the Parties

Considering the risks and the uncertainty of trial, Plaintiff's counsel believes that this settlement is a fair result and should thus be approved. See e.g. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted). In addition, the cost of the Settlement Amount is substantially less than the anticipated cost trial. By settling now rather than litigating further, Plaintiff avoids the risk of losing at trial or, even if prevailing at trial, avoid the inability to collect due to the financial hardship faced by Defendants. Continued litigation therefore will negatively impact the Plaintiff's chances at any recovery. Most importantly, Plaintiff understands the situation, is satisfied with the settlement amount, and voluntarily and willingly entered into the Settlement Agreement.

### C. The Settlement Negotiations Occurred at Arm's Length

From the onset of this case the Parties engaged in communications and discussions in an effort to settle this matter. Defendants represented that Plaintiff was paid for all hours worked and that he was supplied with all required notices and documents. Plaintiff's counsel considered Defendants' position along with Plaintiff's allegations and made a revised calculation during settlement discussions. Parties were able to resolve the matter, thereby avoiding continued costly litigation.

### D. Plaintiffs' Counsel Is Entitled to Reasonable Attorney's Fees and Costs

The Settlement Agreement also provides for reasonable attorney's fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $518.00 in filing cost and service costs, and then retain 1/3 of the remaining settlement amount of $36,982.00, which comes to a total of $12,327.33. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorney's fees.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contract disputes. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and

state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $350. I, Ken H. Maeng, Esq., have experience in a wide variety of labor matters. I graduated with a Juris Doctorate from Brooklyn Law School in 2016 and joined Hang & Associates in 2018. Being fluent in Korean, I specialize in representing the Korean community in these cases both on plaintiff's and defendant's side. Prior to joining Hang & Associates, I worked for a boutique employment law firm in New Jersey where I successfully litigated numerous employment law cases on Defendant's side, including matters involving the FLSA and NYLL. Currently, I independently handle a case load of over fifty cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial. Given my extensive experience, I bill an hourly rate of $275. *See Ross v. Lake Norman Enters.*, LLC, No. 1:17-cv-06332-RRM-RER, 2019 U.S. Dist. LEXIS 68156 (E.D.N.Y. Apr. 19, 2019); *Teow et al v. 66S Fusion, Inc. et al.*, No. 1:18-cv-05268-RLM, Dkt (17 – 20). I am licensed to practice in New York and New Jersey and am admitted to the United States District Court for the District of New Jersey and the Northern, Eastern, and Southern Districts of New York. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $14,002.50.

### IV.  Conclusion

For the foregoing reasons, counsel for all Parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

 */s/ Ken Maeng*
Ken H. Maeng, Esq.


cc: Sung Ho Cho (via email)